UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| CAREY MILLS,<br><br>                    Petitioner,<br><br>          vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CR. NO. 22-00034-DKW-1<br>CV. NO. 24-00558-DKW-KJM<br><br>**ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Carey Mills moves, pursuant to 28 U.S.C. Section 2255, to vacate his sentence of 42 months' imprisonment after pleading guilty to committing wire fraud when applying for funds from federal government assistance programs during the COVID-19 pandemic.  Mills' principal argument is that defense counsel had a conflict of interest that resulted in "severe[]" prejudice[]" and which manifested in an above-guideline sentence.  In an untimely reply, Mills, in part, changes tack, arguing that he need only show that counsel's performance was "adversely affected", rather than prejudicial, resulting in a "patently" adverse sentence.  Neither argument is persuasive.  The record clearly reflects that counsel's performance, whether characterized as "conflicted" or not, was neither prejudicial nor adversely affected.  This is likely why Mills fails to identify any *actual* "adverse effect" from counsel's sentencing performance.  Moreover, having

presided at sentencing, the Court has no doubt that counsel's alleged "conflict" played no role in Mills' 42-month sentence.  Mills is also not entitled to relief on his claim that the sentence was unreasonable and/or a violation of due process. Therefore, as more fully discussed below, the motion to vacate, Dkt. No. 49, is DENIED.  In addition, because reasonable jurists would not debate the denial of the motion to vacate, a certificate of appealability is also DENIED.

## PROCEDURAL BACKGROUND

On May 4, 2022, the government filed a single-count information against Mills, charging him with committing wire fraud on May 14, 2020.  Dkt. No. 1. More specifically, the information charged Mills with fraudulently applying for and receiving hundreds of thousands of dollars from federal government assistance programs set up during the COVID-19 pandemic.

On May 17, 2022, Mills waived indictment and pled guilty to the single-count information.  Dkt. Nos. 6-7.  In doing so, Mills agreed that he "engaged in a knowing and intentional scheme to obtain federal funds … that the defendant knew he and [his] various businesses were not entitled to receive."  Dkt. No. 7 at 6. Mills further agreed that he received $937,575 due to his fraudulent scheme.  *Id*. at 7.

After the Court accepted Mills' guilty plea, sentencing was originally scheduled for October 4, 2022.  Dkt. No. 5.  Subsequently, at the parties'

agreement, sentencing was continued to November 22, 2022.  Dkt. No. 13.  On

November 15, 2022, however, the Court held a status conference about continuing

the sentencing date again due to alleged long-term health effects Mills had suffered

from the coronavirus.  Dkt. No. 16.  The Court denied this request, but gave Mills

until November 18, 2022 to provide a doctor's letter to substantiate the need for a

continuance in sentencing.  On November 18, 2022, Mills filed an "Addendum" to

his sentencing memorandum, containing, *inter alia*, various medical records.  Dkt.

No. 19.  A day later, construing the "Addendum" in two fashions, the Court, first,

denied any request to continue sentencing, noting that the medical records did "not

come close" to providing a basis for a continuance, and, second, explained that the

filing, *in toto*, had been reviewed and could be discussed at sentencing,

notwithstanding the proximate sentencing date.  Dkt. No. 20.

On November 22, 2022, Mills appeared for sentencing.  Dkt. No. 22.

Initially, discussion turned to an email the Court received from Mills directly, *i.e.*,

not through his court-appointed attorney Neil Kugiya, on the weekend prior to

sentencing.  In the email, Mills stated, *inter alia*, that he had "not asked for any of

the[] delays" in his sentencing date and his lawyer had "only delayed and left

things for the last minute."  Dkt. No. 21.  At sentencing, Kugiya addressed the

email, stating, in part, that it was "not true" he was responsible for the delay in

sentencing, he had tried the "best" he could, and he had been trying to get Mills to

3

submit documentation related to Mills' medical condition.  Tr. of 11/22/22

Sentencing Hrg. at 3:23-4:4, Dkt. No. 36.  Kugiya further stated that he sought

continuance of the original October 2022 sentencing date "because of possible

pending surgeries [to Mills] and also myself, I had a hip replacement surgery[.]"

*Id*. at 4:12-21.  After further discussion with the Court about the email, Kugiya

stated that he was prepared to make a sentencing argument, but he did not "want to

be set up" or "blamed for anything."  *Id*. at 9:22-10:14.

The hearing then turned to Mills' sentence.  With a total offense level of 18

and a criminal history category of I, Mills had a guideline imprisonment range of

27-33 months' imprisonment.  *Id*. at 11:15-20.  Kugiya argued for a "reasonable"

sentence.  *Id*. at 29:12.  In doing so, Kugiya addressed, *inter alia*, Mills'

acceptance of responsibility, upbringing, "good" intentions, military service,

family life, community work, and medical conditions.  *Id*. at 22:1-29:13.  After

also hearing from Mills, who principally discussed his community work, and from

his wife, the Court pronounced sentence.  *Id*. at 30:1-32:16, 33:10-38:7.  In doing

so, the Court observed that Mills "stole" almost a million dollars from the federal

government, there was no evidence (other than Mills' say-so) that he used the

proceeds of his theft to allegedly "benefit" other people as he and his wife claimed,

and he "misrepresent[ed]" what had been done with the stolen funds.  *Id*. at 34:7-

36:14.  As a result, despite acknowledging Mills' military service and care to his

4

family, the Court found that the guideline range "severely understate[d]" Mills' crime, and sentenced him to 42 months' imprisonment.  *Id*. at 36:15-37:22.

On November 25, 2022, Mills appealed his sentence.  Dkt. No. 26.  On October 11, 2023, the Ninth Circuit Court of Appeals affirmed.  Dkt. No. 44.  Specifically, the Ninth Circuit rejected Mills' contention that the sentence was substantively unreasonable, determining that this Court had appropriately considered the sentencing factors under 18 U.S.C. Section 3553(a), given "particular weight" to the "seriousness" of Mills' offense, and found alleged mitigating factors to be "unpersuasive."  *Id*. at 2-4.

On January 6, 2025, Mills, represented by new counsel, filed the instant motion to vacate his sentence.  Dkt. No. 49.[1]  Mills asserts two claims.  First, a "conflict of interest" existed between Kugiya and Mills related to the "delay" in sentencing that "severely prejudiced" Mills and "resulted" in the 42-month sentence.  *Id*. at 5.[2]  Second, Mills received an "unreasonable sentence" in violation of due process.  *Id*. at 6.

On February 6, 2025, the government filed an opposition to the motion to vacate, arguing that Mills received effective assistance of counsel, and he was

---

[1]The Court notes that Mills also filed a motion to vacate on December 20, 2024.  Dkt. No. 48.  However, this initial motion to vacate was filed by neither local counsel nor the attorney who signed the same, necessitating the otherwise identical January 6, 2025 version that is signed by local counsel.
[2]In citing to the motion to vacate, the Court refers to the page numbers in the bottom-right corner of the document, *i.e.*, "Page 5 of 13."

barred from challenging the reasonableness of his sentence because the claim was raised and rejected on appeal.  Dkt. No. 54.  Although the briefing schedule established by the Court allowed Mills to file a reply by March 6, 2025, Dkt. No. 50, he, instead, filed an untimely reply on March 10, 2025, Dkt. No. 55. Therein, Mills now argues that, because an "actual" conflict of interest existed with Kugiya, he is not required to show prejudice from the conflict, but only an "adverse effect[,]" something which he describes as "patent" in this case.  *Id*. at 8. Also, while the argument is far from a model of clarity, Mills appears to contend that the challenge to his sentence is not barred because a "fundamental miscarriage of justice[]" would result.

With briefing complete, this Order now follows.

## STANDARD OF REVIEW

Under Section 2255 of Title 28 of the United States Code (Section 2255), "[a] prisoner in custody under sentence of a court established by Act of Congress…may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C. § 2255(a).  The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  *Id*.

## **DISCUSSION**

The Court addresses Mills' two claims in turn below.

## **Claim One**

Mills argues a conflict of interest existed with Kugiya arising out of the alleged "delay" in his sentencing date.  More specifically, Mills contends that, although he did not want to delay sentencing, Kugiya "sought a continuance anyway[]" and "indicat[ed]" at sentencing that Mills had "lied" about his medical conditions.  Mills further contends that he was "severely prejudiced" by Kugiya's comments, resulting in his 42-month sentence.  In reply, Mills also contends that he is not required to show prejudice from any conflict of interest, as prejudice is "presumed…."  Mills further asserts that he need only show an "adverse effect" of the conflict on Kugiya's performance, with the same being "patent" in this case.

Mills is mistaken in numerous respects.  First, in his reply, Mills misconstrues the applicable law on conflicts of interest and the ineffective assistance of counsel.  To prevail on an ineffective assistance of counsel claim, a petitioner must establish that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984).  In other

words, a petitioner must show both that counsel's performance was deficient *and* that the deficiency was prejudicial.  *Id*. at 692.

With respect to prejudice, the calculus may be different when counsel "represents clients with conflicting interests throughout the trial…."  *United States v. Walter-Eze*, 869 F.3d 891, 905 (9th Cir. 2017).  In such a circumstance, prejudice is "presumed" because of the "difficulty" in "pinpoint[ing]" prejudice arising from counsel's representation of "multiple" clients.  *Id*. (citing *Mickens v. Taylor*, 535 U.S. 162, 175 (2002)).  In contrast, when "we … know *precisely* the impact of any conflict", the "presumption of prejudice" does not apply.  *Id*. at 906 (quotation omitted, emphasis in original).  Here, the impact of Kugiya's purported conflict is known; in fact, Mills identifies it himself: it is the impact on his *sentence*.  *See* Dkt. No. 49 at 5.  Therefore, the presumption of prejudice clearly does not apply, and, here, Mills must show prejudice.

Mills cannot show any prejudice from Kugiya's alleged conflict, even if a conflict or otherwise deficient performance is assumed.  In the motion to vacate, Mills contends that he was "severely prejudiced" because Kugiya's alleged conflict resulted in his 42-month sentence.  Nothing could be further from the truth.  Rather, the transcript of the sentencing clearly reflects, as the Ninth Circuit observed on appeal, that the Court sentenced Mills to 42 months' imprisonment because of the "seriousness" of his offense in stealing nearly a million dollars from

8

federal programs designed to help businesses and individuals in need during a pandemic.  Further, while Mills contended that he engaged in this theft solely for altruistic reasons, he offered no documentary evidence of his altruism, the evidence, at least in substantial part, showed that he personally benefited from his misdeeds, and, ultimately, his purported intentions could not give him license to dole out other people's money as he saw fit.  Those were the stated reasons Mills received a 42-month sentence, not the speculative reasons he now conjures.  Indeed, the purported "delay" in sentencing, something that is common during the criminal process, and Kugiya allegedly accusing Mills of lying about his medical condition to support a continuance, had *no impact* on the sentence Mills received.  Because the result of Mills' sentencing would have been the same irrespective of Kugiya's alleged conflict or deficiencies, Mills has failed to show prejudice under *Strickland*.

Finally, for the sake of completeness, even if Mills had convinced the Court that this case is an instance where a presumption of prejudice exists, he acknowledges that he would still be required to show that the alleged conflict "adversely affected" Kugiya's representation.  Dkt. No. 55 at 5-8.  Here, other than baldly asserting that the effect was "patent", *id*. at 8, Mills does not attempt to explain how Kugiya's representation was adversely affected.  Instead, he simply asserts that Kugiya should have withdrawn from his representation in light of one

9

of Hawaiʻi's Rules of Professional Conduct.  *Id.* at 7-8.  Withdrawal, however, has

nothing to do with whether any conflict adversely affected Kugiya's

representation.  Moreover, the U.S. Supreme Court has explained that the purpose

of the Sixth Amendment's right to counsel "is not to enforce the Canons of Legal

Ethics…."  *Mickens*, 535 U.S. at 176; *see also Walter-Eze*, 869 F.3d at 906.  Put

simply, Mills has failed to identify any effect, adverse or otherwise, on Kugiya's

representation that the alleged conflict had, and, on this record, the Court cannot

find one.  Notably, there is no argument or evidence that the alleged delay in

sentencing or implication Mills had lied prevented Kugiya from advancing any

argument for a lesser sentence.  *See Walter-Eze*, 869 F.3d at 901 (explaining that

an "adverse effect" must go to "some plausible alternative defense strategy or

tactic" that might have been pursued).  In fact, Kugiya made multiple such

arguments at sentencing; the Court simply found them outweighed by the

seriousness of Mills' offense, the guidelines understating the seriousness of the

offense, and the other factors described above.  In this light, even if a presumption

of prejudice could apply here, Mills would not be entitled to relief.

## Claim Two

Mills argues that he received an "unreasonable sentence" in violation of due

process, asserting that the Court failed to provide "compelling reasons" for its

"upward variance", improperly took into account the "loss amount" when this was

already a factor taken into account by the sentencing guidelines, and misapprehended his remorse.  In response, the government argues that this claim is barred because it was raised and rejected on appeal.  In reply, although it is far from clear, Mills appears to argue that this claim is not barred because a "fundamental miscarriage of justice" would result and/or "the constitutional grounds are different and distinct claims."

Mills is once again mistaken.  First, however this claim is characterized, the Court agrees with the government that it is the same, or functionally the same, as Mills' appellate challenge to his sentence.  Specifically, both in the motion to vacate and on appeal, Mills argues that his sentence was "unreasonable", while identifying purported errors in the Court's decisionmaking.  *Compare* Dkt. No. 44, *with* Dkt. No. 49 at 6.  Simply because Mills slaps on the phrase "violation of due process", without explaining the purported violation, other than by again asserting the alleged unreasonableness of the sentence, gets us back to the same starting point and does not change the result.  *See Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").  In fact, in the motion to vacate, Mills acknowledges that this claim was raised on appeal.  Dkt. No. 49 at 6 (checking "Yes" for whether Claim

Two was raised on appeal) & 10 (stating that only Claim One had not been "previously raised" in federal court).

Second, even if the Court was willing to assume that this claim was not raised on appeal, Mills acknowledges that it still *could* have been raised on appeal. This is presumably why, for the first time in reply, he raises the issues of "procedural default", "cause…and prejudice", and a "fundamental miscarriage of justice"—issues that are only arguably relevant when a party *could* have, but *failed* to, raise a claim on appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent[.]") (citing, *inter alia*, *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)) (quotations omitted). Mills, however, cannot make the showing required by *Bousley*.

As for "cause and prejudice", Mills makes no attempt to argue that any such things exist here. *See* Dkt. No. 55 at 9. Instead, he moves straight to a "fundamental miscarriage of justice." *Id*. In doing so, though, he fails to acknowledge that this requires a showing of *actual innocence*, something which he does not even suggest is the case here. *See Bousley*, 523 U.S. at 622; *see also Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (explaining that "actual innocence means factual innocence, not mere legal insufficiency.") (quotations and

12

alterations omitted).  As for the purported miscarriage of justice upon which Mills relies, it is precisely the same as his first claim: Kugiya's alleged conflict of interest at sentencing.  Although this is not a claim of "actual innocence", so it is clear, for the reasons discussed above, that claim is meritless and comes nowhere close to the level of a miscarriage of justice.

Finally, even if all of the above failures with Claim Two did not exist, there was nothing unreasonable or violative of due process in Mills' 42-month sentence. Contrary to Mills' contention, the Court <u>did</u> provide "compelling reasons" for the sentence − specifically, Mills' theft of nearly a million dollars, while providing no evidence that those funds were used for anything other than his own enjoyment. Next, as discussed at sentencing, the Court found that the guidelines "severely understate[d]" the crime and, therefore, the Court disagreed with Mills that the "loss amount" was "taken into account" under the guidelines.  The Court also disagrees that Mills' "expressions of remorse" were "misapprehended…."  Instead, the Court fully comprehended Mills' unsupported statements regarding his so-called intentions: they were "bullshit…."  Sent. Tr. at 35:15.  Therefore, for all these reasons, Mills' second claim is also without merit.

## Certificate of Appealability

In denying the motion to vacate, the Court must also address whether Mills is entitled to a certificate of appealability ("COA").  *See* R. 11(a), Rules Governing

Section 2255 Proceedings.  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).  In light of the findings herein, the Court concludes that reasonable jurists would not debate the resolution of the motion to vacate.  Accordingly, the Court DENIES Mills the issuance of a COA.[3]

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to vacate, Dkt. No. 49.  In addition, the Court DENIES a COA.

The Clerk is directed to enter Judgment in favor of Respondent, the United States of America, and then close Case No. 24-cv-00558-DKW-KJM.

IT IS SO ORDERED.

Dated:  March 25, 2025 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[3]Mills did not request an evidentiary hearing on the motion to vacate.  *See generally* Dkt. Nos. 49, 55.  In any event, the Court finds that he is not entitled to one because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief…."  *See* 28 U.S.C. § 2255(b).

*Mills v. United States*; CR. NO. 22-00034-DKW-1, CV. NO. 24-00558 DKW-KJM; **ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY**